ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Doubleshot, Inc. | ) ASBCA No. 61691 |
| | ) |
| Under Contract Nos. N6835-06-C-0416 | ) |
| W56HZV-07-C-0295 | ) |
| N00014-07-C-0386 | ) |
| N00014-08-C-0497 | ) |

APPEARANCE FOR THE APPELLANT:     Wayne A. Keup, Esq.
                                   Wayne A. Keup, PLLC
                                   Washington, DC

APPEARANCES FOR THE GOVERNMENT:   Arthur M. Taylor, Esq.
                                   DCMA Chief Trial Attorney
                                  Srikanti Schaffner, Esq.
                                   Trial Attorney
                                   Defense Contract Management Agency
                                   Carson, CA

OPINION BY ADMINISTRATIVE JUDGE O'CONNELL

Appellant, Doubleshot, Inc. (Doubleshot) has filed a motion for reconsideration of the Board's July 22, 2020, decision denying summary judgment that the government's claim is time barred. The Board denies the motion.

DECISION

"Motions for reconsideration do not afford litigants the opportunity to take a 'second bite at the apple' or to advance arguments that properly should have been presented in an earlier proceeding." *Dixon v. Shinseki*, 741 F.3d 1367, 1378 (Fed. Cir. 2014). But if we made mistakes in our findings of fact or conclusions of law, or by failing to consider an appropriate matter, reconsideration may be appropriate. *Ford Lumber & Bldg. Supply, Inc.*, ASBCA No. 61618, 20-1 BCA ¶ 37,487 at 182,088.

In its motion for reconsideration, Doubleshot contends that the government had all of the information it needed to assert its claim by the time the Defense Contract Audit Agency (DCAA) issued a "flash report" on April 29, 2011 (app. mot. for recon. at 2-3). Doubleshot raised this contention in its motion for summary judgment but the Board rejected it. *Doubleshot, Inc.*, ASBCA No. 61691, 20-1 BCA ¶ 37,677 at 182,904-05.

In its motion and reply brief, Doubleshot acknowledges that in 2013 it submitted incurred cost proposals and does not dispute the government's contention that as late as 2017 it was still providing financial documentation to DCAA (*see*, *e.g.*, gov't resp. at exs. G8-G11). One of the weaknesses in Doubleshot's presentation is that none of the financial documents it produced to DCAA prior to the 2011 flash report, nor those it produced in 2016 and 2017, are in the record.

As the Board explained in the opinion, the determination of the accrual date of a government claim is a fact specific inquiry. *Doubleshot, Inc.*, ASBCA No. 61691, 20-1 BCA ¶ 37,677 at 182,904. On summary judgment, the Board must construe the evidence in the light most favorable to the government as the non-moving party and must draw all reasonable inferences in its favor. *Id.* at 182,905. Thus, for example, while Doubleshot dismisses the importance of the documents it provided to DCAA in 2016 and 2017 (app. reply at 2-3), the government disagrees, pointing out that in that time period Doubleshot provided DCAA with payroll, employee checks, time cards, and bank verifications to support its purported costs (gov't resp. at 5).

A dispute centered upon the parties' dueling characterizations of non-record evidence is simply not appropriate for resolution on summary judgment.* The Board clarifies, however, that after development of a full record, the Board will make a final determination as to whether any portion of the government's claim is barred by the statute of limitations.

CONCLUSION

Doubleshot's motion for reconsideration is denied.

Dated: November 17, 2020

MICHAEL N. O'CONNELL
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

---

* The Board acknowledges Doubleshot's reliance on our opinion in *Laguna Construction Co., Inc.*, ASBCA No. 58569, 14-1 BCA ¶ 35,618, but that appeal is distinguishable because, among other things, the contractor provided all of the pertinent documentation to DCAA giving rise to the government claim in the same year that the contract was awarded.

I concur

I concur

_____
RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

_____
OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61691, Appeal of Doubleshot, Inc., rendered in conformance with the Board's Charter.

Dated:  November 18, 2020

_____
PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals